# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| William Charles Graham, | Case No. 22-CV-0748 (NEB/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Gilley, | |
| Respondent. | |

Petitioner William Charles Graham was convicted in this District and is now incarcerated in Kentucky. Graham has filed a petition for a writ of habeas corpus challenging the legality of his detention. The petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] As a result of that review, this Court concludes that Graham's petition has been filed in the wrong venue and that transfer to a more appropriate venue would not be in the interest of justice. *See* 28 U.S.C. § 1406(a). Accordingly, it is recommended that this matter be dismissed without prejudice.

"The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973). For that reason, the proper venue for filing a habeas petition is generally the judicial district in which the

---

[1] Graham's habeas petition is not governed by 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to his petition. *See* Rule 1(b).

1

prisoner is detained, not the district in which he was convicted.  *See, e.g.*, *Thompson v. Missouri Bd. of Parole*, 929 F.2d 396, 398 (8th Cir. 1991); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009) ("[T]he proper venue for filing a [habeas] petition is the district in which the prisoner is confined.").  The petition filed by Graham is not an exception to that rule.  Graham is not detained in Minnesota, and he therefore cannot seek habeas corpus relief in this District.

A habeas petition filed in the wrong venue may be dismissed without prejudice or, "if it be in the interest of justice," transferred to the appropriate district.  *See* 28 U.S.C. § 1406(a).  This Court concludes that the interests of justice would not be furthered by a transfer.  Graham contends in his habeas petition that, for several reasons, the judgment of conviction by which he is now detained is invalid.  But claims attacking the validity of a conviction or sentence cannot be raised by a federal prisoner through a petition for a writ of habeas corpus.[2]  *See* 28 U.S.C. § 2255(e).  Transfer of this matter to another district would only delay the inevitable dismissal of Graham's petition.  *See Graham v. Gilley*, No. 6:22-21 (KKC), 2022 WL 363847, at *1-3 (E.D. Ky. Feb. 7, 2022) (dismissing on jurisdictional grounds habeas petition filed by Graham).

---

[2] Such claims must instead be brought through a motion under 28 U.S.C. § 2255 in the criminal case in which the judgment of conviction was entered.  Graham has already initiated proceedings under § 2255 in his criminal case, and substantially similar claims have already been presented by Graham in those § 2255 proceedings.  Accordingly, reinterpretation of Graham's habeas petition as a duplicative motion under § 2255 would likewise not be in the interests of justice.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT this matter be DISMISSED WITHOUT PREJUDICE.

Dated: March 28, 2022                               s/*Hildy Bowbeer*_____
                                                    HILDY BOWBEER
                                                    United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).